# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JILL STAUFFER**

    **Plaintiff,**                            **CASE NO.:**

**v.**

**LOKEY AUTOMOTIVE GROUP, INC.**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JILL STAUFFER, by and through her undersigned counsel, hereby sues Defendant, LOKEY AUTOMOTIVE GROUP, INC., and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JILL STAUFFER, is a resident of Pinellas County, Florida.

4.      Defendant, LOKEY AUTOMOTIVE GROUP, INC., is a Florida company authorized and doing business in this Judicial District.

5.      Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and § 448.101(3), *Fla. Stat.*, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

### ADMINISTRATIVE PREREQUISITES

6.      All conditions precedent to bringing this action have occurred.

7.      On November 12, 2021, Plaintiff filed a sex discrimination charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  A Right to Sue was issued on May 25, 2022.

8.      More than 180 days have passed since the filing of said charge.

### FACTUAL ALLEGATIONS

9.      Plaintiff began her employment with the Defendant on or around November 30, 2015 as the manager/director for the service department business development center.

10.     Plaintiff was responsible for creating the department and hiring her team.

11. During Plaintiff's tenure, she managed between 6 and 10 employees and also chose the programs they implemented.

12. Plaintiff was very successful at her job and consistently reached her goals and objectives and broke records up until the time she was terminated.

13. Plaintiff was never disciplined and never received a single negative performance review.

14. During the month Plaintiff was terminated, Harold Lane of Nissan Corporate informed her that she was going to be recognized at the annual meeting as Outstanding Owner Loyalty manager for her district. However, Plaintiff was terminated before the annual meeting.

15. After Plaintiff's termination, the owner Paul Lokey said he was surprised that she was terminated but he would not overturn the decision of his general manager.

16. Months prior to Plaintiff's termination, the dealership hosted a celebration dinner for the sales force at Texas De Brazil in Tampa.

17. Following the dinner several managers, including Plaintiff went to the Hard Rock Casino. Plaintiff was the only female manager.

18. After arriving at the Casino, a female joined them that turned out to be General Manager, Chris Jalali's, girlfriend. Prior to this day, Plaintiff had socialized with Mr. Jalali's wife Tara Jalali a few times.

19.     Since Mr. Jalali was married Plaintiff made a comment to the Finance and Insurance manager, Davy Jones, that Mr. Jalali's relationship with his girlfriend was inappropriate.

20.     Mr. Jalali confronted Plaintiff the following week.  He revealed that Mr. Jones told him about her comment and went on to tell Plaintiff that he was having marital problems and that was the reason he had a girlfriend.

21.     After that day Mr. Jalali treated Plaintiff as if she were a threat to him because she wasn't one of the guys that would overlook his marital indiscretions and began to treat Plaintiff differently.

22.     Plaintiff was terminated on November 17, 2020 and replaced by a male named Wade Morris who was later promoted.

23.     Plaintiff retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## FLORIDA CIVIL RIGHTS ACT – SEX DISCRIMINATION

24.     Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 23.

25.     Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

26.     By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex.

27. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

28. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

29. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, JILL STAUFFER, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, LOKEY AUTOMOTIVE GROUP, INC. for:

      a. Back pay and benefits;

      b. Prejudgment interest on back pay and benefits;

      c. Front pay and benefits;

      d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e. Punitive damages;

      f. Attorneys' fees and costs;

      g. Injunctive relief; and

      h. For any other relief, this Court deems just and equitable.

      h. Attorney's fees and costs; and

      i. All such other relief/damages to which Plaintiff is entitled.

## COUNT II
## TITLE VII – SEX DISCRIMINATION

30. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 23.

31. Plaintiff is a member of a protected class of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

32. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex/gender in violation of the Title VII.

33. Defendant knew of or should have known of the discrimination to Plaintiff.

34. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

35. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

36. As a result of Defendant's unlawful sexual discrimination, Plaintiff has suffered and continues to suffer the following damages.

WHEREFORE, Plaintiff, JILL STAUFFER, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, LOKEY AUTOMOTIVE GROUP, INC. for:

    a.    Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Interest on front pay and benefits;

      e.     Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

      f.     Punitive damages;

      g.     Attorney's fees and costs; and

      h.     All such other relief and damages to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

37. Plaintiff, JILL STAUFFER, demands a trial by jury.

Dated this 27th day of July 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:  chris@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff